# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>AKORN HOLDING COMPANY LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 23-10253 (KBO)<br>(Jointly Administered) |
| GEORGE L. MILLER, Chapter 7 Trustee of the bankruptcy estates of Akorn Holding Company LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>ARAMARK CLEANROOM SERVICES LLC and ARAMARK UNIFORM SERVICES (MIDWEST) LLC,<br><br>Defendants. | Adv. Proc. No. 25-50326 (KBO) |

**DEFENDANT ARAMARK CLEANROOM SERVICES LLC'S
ANSWER AND AFFIRMATIVE DEFENSES**

Aramark Cleanroom Services LLC[2] (the "Defendant"), by and through its undersigned counsel, responds to the numbered paragraphs of the *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547, 548, & 550 and to Disallow Claims Pursuant to 11 U.S.C. § 502* [Adv. D.I. 1] (the "Complaint"), filed by George L. Miller, in his capacity as

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of their federal tax identification numbers, and cases numbers are Akorn Holding Company LLC (9190), Case No. 23-10253 (KBO); Akorn Intermediate Company LLC (6123), Case No. 23-10254 (KBO); and Akorn Operating Company LLC (6184), Case No. 23-10255 (KBO). The Debtors' headquarters is located at 5605 CenterPoint Court, Gurnee, IL 60031.

[2] Aramark Uniform Services (Midwest) LLC ("Uniform") has settled the adversary proceeding. Accordingly, Uniform is not required to submit an answer. To the extent allegations in the Complaint relate to Uniform, Defendant denies them.

the chapter 7 trustee (the "<u>Plaintiff</u>" and, together with Defendant, the "<u>Parties</u>") of the estates of the above-captioned debtors (the "<u>Debtors</u>"), as follows:

## NATURE OF THE CASE

1. The allegations contained in paragraph 1 of the Complaint are statements related to the nature of the case to which no response is required. To the extent that a response is deemed necessary, Defendant denies that it is liable for the claims for which Plaintiff asserts the statutory and legal predicates for relief and therefore denies all allegations of this paragraph.

2. The allegations contained in paragraph 2 of the Complaint are statements related to the nature of the case to which no response is required. To the extent that a response is deemed necessary, Defendant denies that it is liable for the claims for which Plaintiff asserts the statutory and legal predicates for relief and therefore denies all allegations of this paragraph.

## JURISDICTION AND VENUE

3. The allegations of paragraph 3 do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction over this adversary proceeding.

4. Paragraph 4 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 4.

5. The allegations of paragraph 5 do not set forth assertions of fact, and, as such, no response is required. To the extent a response is required, Defendant admits that Plaintiff has consented to the entry of final orders or judgments by the Court. Defendant denies all remaining allegations of this paragraph. Pursuant to Rule 7012(b) of the Federal Rules of Bankruptcy Procedure and Local Rule 7012-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware, to the extent any issues raised in the Complaint or at the trial thereon are

deemed to be non-core, Defendant does not consent to the Bankruptcy Court entering a final order on such issues.

6. Paragraph 6 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 6.

7. Paragraph 7 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 7.

8. Paragraph 8 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 8.

## THE PARTIES

9. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 9 of the Complaint and therefore denies same.

10. Paragraph 10 sets forth a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 10.

11. Admitted that Defendant was a vendor or creditor that provided goods and/or services to or for one or more of the Debtors prior to the Petition Date. Defendant denies any other allegations not expressly admitted herein.

## BACKGROUND

12. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 12 of the Complaint and therefore denies same.

13. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 13 of the Complaint and therefore denies same.

14. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 14 of the Complaint and therefore denies same.

15. Admitted.

16. Paragraph 16 of the Complaint states legal conclusions to which no response is required. To the extent paragraph 16 contains allegations of fact, Defendant admits that it received payments during the Preference Period, for goods or services provided by Defendant. Defendant further admits that Plaintiff included an Exhibit A and Exhibit B as described in paragraph 16 of the Complaint. Defendant denies paragraph 16 of the Complaint to the extent that it alleges that Exhibit A to the Complaint contains accurate details as to the payments made by a Debtor to Defendant during the Preference Period. Defendant is without knowledge sufficient to admit or deny the remaining allegations in paragraph 16, including the truth of the information in Exhibit B, and therefore, denies same.

17. Defendant admits that it received a demand letter from Plaintiff. The letter speaks for itself.

18. Defendant admits that it received a demand letter from Plaintiff. The letter speaks for itself.

19. Paragraph 19 of the Complaint states legal conclusions to which no response is required. To the extent paragraph 19 contains allegations of fact, Defendant is without knowledge sufficient to admit or deny the allegation in paragraph 19 of the Complaint and therefore denies same.

20. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 20 of the Complaint and therefore denies same. Defendant further denies that it is liable for the claims that Plaintiff generally alleges.

21. The allegations contained in paragraph 21 are reservations of rights to which no response is required, and Defendant does not concede. To the extent that a response is required, Defendant denies the allegations contained in paragraph 21 of the Complaint.

22. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 22 of the Complaint and therefore denies same.

23. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 23 of the Complaint and therefore denies same.

24. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 24 of the Complaint and therefore denies same.

## CLAIMS FOR RELIEF
## COUNT I
**(Avoidance of Preferential Transfer – 11 U.S.C. § 547(b))**

25. Defendant incorporates all preceding paragraphs as if fully re-alleged herein.

26. Defendant denies that during the Preference Period, the transferring Debtor made Transfers to or for the benefit of Defendant in the aggregate amount of not less than $508,274.44. Defendant further denies paragraph 26 to the extent that it alleges that Exhibit A to the Complaint contains accurate details as to the payments made by Debtors to Defendant during the Preference Period. Defendant is without knowledge sufficient to admit or deny the information in Exhibit B and the payments received by Uniform and therefore denies the allegations in paragraph 26 as they relate to Exhibit B and transfers to Uniform.

27. Paragraph 27 of the Complaint states legal conclusions to which no response is required. To the extent paragraph 27 contains allegations of fact, Defendant is without knowledge sufficient to admit or deny the allegations and therefore denies same.

28. Paragraph 28 of the Complaint states legal conclusions to which no response is required. Defendant denies paragraph 28 of the Complaint to the extent it contains allegations of fact.

29. Paragraph 29 of the Complaint states legal conclusions to which no response is required. Defendant denies paragraph 29 of the Complaint to the extent it contains allegations of fact.

30. Paragraph 30 of the Complaint states legal conclusions to which no response is required. Defendant denies paragraph 30 of the Complaint to the extent it contains allegations of fact.

31. Paragraph 31 of the Complaint states legal conclusions to which no response is required. To the extent paragraph 31 contains allegations of fact, Defendant is without knowledge sufficient to admit or deny the allegations and therefore denies same.

32. Defendant is without knowledge sufficient to admit or deny the allegations in paragraph 32 of the Complaint and therefore denies same.

33. Paragraph 33 of the Complaint states legal conclusions to which no response is required. To the extent paragraph 33 contains allegations of fact, Defendant is without knowledge sufficient to admit or deny the allegations and therefore denies same.

34. Defendant is without knowledge sufficient to admit or deny the allegations in the first sentence of paragraph 34 of the Complaint and therefore denies same. As to the second sentence of paragraph 34, Defendant admits that it received a demand letter from Plaintiff and the letter speaks for itself. However, Defendant is without knowledge sufficient to admit or deny the Plaintiff's stated purposes for the demand letters and therefore denies same. Defendant admits that it has not remitted the amount of the Transfers to Plaintiff.

35. Paragraph 35 of the Complaint states a legal conclusion to which no response is required. Defendant denies that it is liable for the claims that Plaintiff generally alleges. Defendant denies paragraph 35 of the Complaint to the extent it contains allegations of fact.

## COUNT II
### (Avoidance of Fraudulent Conveyances - 11 U.S.C. § 548(a)(1)(B))

36. Defendant incorporates all preceding paragraphs as if fully re-alleged herein.

37. Paragraph 37 of the Complaint states legal conclusions to which no response is required. Defendant denies that it is liable for the claims that Plaintiff generally alleges. To the extent paragraph 37 contains allegations of fact, Defendant denies that it received the transfers as identified on Exhibit A or Exhibit B of Complaint within two years of the Petition Date. Further, Defendant is without knowledge sufficient to admit or deny the remaining allegations in paragraph 37 and therefore denies same.

38. Paragraph 38 of the Complaint states a legal conclusion to which no response is required. Defendant denies that it is liable for the claims that Plaintiff generally alleges. Defendant denies paragraph 38 of the Complaint to the extent it contains allegations of fact.

## COUNT III
### (Recovery of Property – 11 U.S.C § 550)

39. Defendant incorporates all preceding paragraphs as if fully re-alleged herein.

40. Paragraph 40 of the Complaint states legal conclusions to which no response is required. Defendant denies that it is liable for the claims that Plaintiff generally alleges. Defendant denies paragraph 40 of the Complaint to the extent it contains allegations of fact.

41. Paragraph 41 of the Complaint states legal conclusions to which no response is required. Defendant denies paragraph 41 of the Complaint to the extent it contains allegations of fact.

42. Paragraph 42 of the Complaint states legal conclusions to which no response is required. Defendant denies that it is liable for the claims that Plaintiff generally alleges. Defendant denies paragraph 42 of the Complaint to the extent it contains allegations of fact.

## COUNT IV
### (Disallowance of Claims – 11 U.S.C. § 502(d) and (j))

43. Defendant incorporates all preceding paragraphs as if fully re-alleged herein.

44. Paragraph 44 of the Complaint states legal conclusions to which no response is required. Defendant denies that it is liable for the claims that Plaintiff generally alleges. Defendant denies paragraph 44 of the Complaint to the extent it contains allegations of fact.

45. Paragraph 45 of the Complaint states legal conclusions to which no response is required. Defendant denies that it is liable for the claims that Plaintiff generally alleges. Defendant denies paragraph 45 of the Complaint to the extent it contains allegations of fact.

46. Paragraph 46 of the Complaint states legal conclusions to which no response is required. Defendant denies that it is liable for the claims that Plaintiff generally alleges. Defendant denies paragraph 46 of the Complaint to the extent it contains allegations of fact.

47. Defendant denies the allegations contained in Plaintiff's "WHEREFORE" prayer, including subparts (a) through (e), and denies that Plaintiff is entitled to any relief sought therein against Defendant.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Having fully responded to Plaintiff's Complaint, Defendant asserts the following additional Affirmative Defenses to the allegations asserted against it thereunder:

### FIRST DEFENSE

Plaintiff's Complaint fails to state any claim against Defendant upon which the relief demanded thereunder may be granted.

**SECOND DEFENSE**

Plaintiff may not recover any property of the Debtors, or the value thereof, which may have been transferred to Defendant to the extent Defendant is (i) an immediate or mediate transferee that took for value, in good faith, and without knowledge of the voidability of the transfer avoided, or (ii) an immediate or mediate good faith transferee of such transferee.

**THIRD DEFENSE**

Plaintiff may not avoid the allegedly preferential transfers cited on Exhibit A or Exhibit B to Plaintiff's Complaint to the extent that, after such transfers were made to Defendant, the Defendant gave new value to or for the benefit of the Debtors, not secured by an otherwise unavoidable transfer, and on account of which new value the Debtors did not make an otherwise unavoidable transfer to or for the benefit of the Defendant.

**FOURTH DEFENSE**

Plaintiff may not avoid the allegedly preferential transfers cited on Exhibit A or Exhibit B to Plaintiff's Complaint to the extent such transfers were made in payment of a debt incurred by the Debtors in the ordinary course of their business or financial affairs with Defendant, and such transfers were made in the ordinary course of business or financial affairs of the Debtors and Defendant, and/or were made according to ordinary business terms.

**FIFTH DEFENSE**

Plaintiff's claims are barred to the extent the allegedly preferential transfers cited on Exhibit A or Exhibit B to Plaintiff's Complaint were intended to be a contemporaneous exchange for new value.

## SIXTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent the provisions of 11 U.S.C. § 550(b) are applicable.

## SEVENTH DEFENSE

Plaintiff's claims are subject to Defendant's right of setoff, recoupment, and/or rights under other similar doctrines, which rights Defendant hereby reserves with respect to all pre- and post-petition transactions by and between Defendant, on the one hand, and any one or more of the Debtors, on the other hand.

## EIGHTH DEFENSE

Plaintiff's claims are barred to the extent the doctrines of laches, estoppel, *in pari delicto*, accord and satisfaction, release, waiver, *res judicata*, collateral estoppel, claims preclusion, and/or issue preclusion are applicable to the facts of this case as may be disclosed by discovery and the evidence produced by the Parties during this proceeding.

## NINTH DEFENSE

All allegations set forth under Plaintiff's Complaint which are not specifically and expressly admitted herein are hereby denied.

## TENTH DEFENSE

Plaintiff cannot recover under 11 U.S.C. § 547(b) because Plaintiff has failed to conduct reasonable due diligence in the circumstances of the case and has failed to take into account Defendant's known or reasonably knowable affirmative defenses.

**ELEVENTH DEFENSE**

Plaintiff may not avoid any transfer cited on Exhibit A or Exhibit B to Plaintiff's Complaint to the extent that the Defendant was not insolvent at the time of such transfer or did not become insolvent as a result of such transfer.

**TWELFTH DEFENSE**

Plaintiff may not avoid the allegedly fraudulent transfers cited on Exhibit A or Exhibit B to Plaintiff's Complaint to the extent that Defendant provided a Debtor reasonably equivalent value in exchange for the alleged transfers.

**RESERVATION OF RIGHTS**

Defendant has not knowingly or intentionally waived any applicable affirmative defense to any of the allegations set forth under Plaintiff's Complaint and reserves the right to assert and rely on such other applicable affirmative defenses as may become available or apparent during discovery and investigation of Plaintiff's claims.  To the extent any allegation in the Complaint has not been answered, it is denied.

WHEREFORE, Defendant respectfully requests that the relief sought by Plaintiff under its Complaint be denied, and that such Complaint be dismissed with prejudice, assessing any and all costs of this litigation against Plaintiff, and for such other and further relief as this Court deems to be just, necessary, and proper under the circumstances hereof.

| | |
|---|---|
| Dated: July 17, 2025<br>Wilmington, Delaware | **BAYARD, P.A.**<br><br>By: */s/ Ericka F. Johnson*<br>Ericka F. Johnson, Esq. (DE Bar No. 5024)<br>Steven D. Adler, Esq. (DE Bar No. 6257)<br>600 North Market Street, Suite 400<br>Wilmington, Delaware 19801<br>Telephone: (302) 655-5000<br>Email: ejohnson@bayardlaw.com<br>          sadler@bayardlaw.com<br>*Counsel for Defendant* |